IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| D. RAY STRONG, as examiner for Tri-Valley Distributing, Inc. et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN UNITED LIFE ASSURANCE COMPANY, a Washington corporation.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br><br>Case No.2:09-CV-586 TS |

Defendant Western United Life Assurance Company (WULA) moves to dismiss this action as barred by (1) the statute of limitations or (2) the doctrine of laches.

The dispute between the parties has a long and procedurally complex history that is fully set forth in two appeals from the related consolidated bankruptcy cases.[1] The Court assumes familiarity with those opinions and need not fully repeat that procedural history herein.

---

[1] *In re Tri-Valley Distributing, Inc.*, 2006 WL 2583247 (10th Cir. BAP Sept. 8, 2006); *In re Tri-Valley Distributing, Inc.*. 533 F.3d 1209 (10th Cir. 2008).

1

As related to this case, the following is a brief summary of relevant facts. In 2004, Plaintiffs herein[2] filed an adversary proceeding against WULA, in the Tri-Valley bankruptcy cases.[3] For the purposes of this motion, that adversary proceeding can be described as involving two sets of claims: those related to property located in Rock Springs, Wyoming (the Rock Springs property); and those not related to the Rock Springs property. Among the claims not related to the Rock Springs property were the fraudulent transfer claims currently brought in this proceeding.

At the time of the adversary proceeding, WULA was subject to a receivership proceeding in Washington state. WULA moved to dismiss the 2004 adversary proceeding based on its argument that as a result of the Washington state receivership, the McCarran-Ferguson Act[4] required abstention. In the alternative, WULA sought permissive abstention under 28 U.S.C. §1334(c)(1).[5]

---

[2]Tri-Valley Distributing, Inc. ("Tri-Valley"), now represented by D. Ray Strong as Examiner for Tri-Valley as reorganized debtors, and the Official Committee of Unsecured Creditors. These parties refer to themselves herein as the "Estate Representatives" and were referred to the Tenth Circuit in its *Tri-Valley* decision as "Debtors." 533 F.3d at 1212.

[3]Tri-Valley started as three separate bankruptcy cases. Before the events at issue, those cases were substantively consolidated into one case, with D. Ray Strong as their examiner. *Tri-Valley*, 2006 Wl 2583247, at *1.

[4]15 U.S.C. § 1012(b). McCarran-Ferguson Act reverse preemption is discussed at *Tri-Valley*, 2006 WL 2583247, at *3-5.

[5]Section 1334(c)(1) allows for permissive abstention. It provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code]."

In an Order dated March 18, 2005, the Bankruptcy court denied WULA's motion to dismiss the Rock-Springs-property-related claims and retained jurisdiction over the 2004 adversary proceeding insofar as it involved the Rock Springs property.[6] But, based on its interpretation of the McCarran-Ferguson Act, the Bankruptcy Court also abstained "from determining all controversies or causes of action raised by the Examiner in his First Amended Complaint other than those controversies which pertain to, or seek declaratory relief with respect to the Rock Springs Property."[7]

WULA filed an appeal of the portion of the March 18, 2005 Order retaining jurisdiction over the Rock Springs property. Plaintiffs filed a cross-appeal of the portion of the March 18, 2005 Order abstaining based on McCarran-Ferguson Act reverse preemption. The appeal and cross appeal were decided by the United States Bankruptcy Appellate Panel for the Tenth Circuit (BAP).

The BAP affirmed the March 18, 2005 Order as to the Rock Springs property.[8] As to the other claims, the BAP found that "the bankruptcy court properly dismissed them, but did so for the wrong reason. Specifically, the BAP determined that the bankruptcy court erred in its conclusion that the McCarran Ferguson Act applied to those claims . . . but

---

[6]The Rock Springs property is not at issue in this case.

[7]Pl.'s Ex. 3 (March 18, 2005 Order Granting in Part, and Denying in Part, Motion of Defendant WULA to Dismiss or for Abstention), at 6. This Court notes that WULA cites to and quotes a reconsidered order of the Bankruptcy Court rather than this controlling March 18, 2005 Order. *See* WULA's Mem., at 5 (citing superceded February 22, 2005 Order).

[8]2006 WL 2583247, at *5 (noting that "WULA's receiver agreed to the bankruptcy court's jurisdiction" over the Rock Springs property).

3

reasoned that the bankruptcy court could have permissively abstained from hearing the claims under . . . §1334(c)(1)."[9]

Plaintiffs sought reconsideration of the BAP's decision noting that they "face[d] statute of limitations" issues and, if they could not bring their claims other than in Washington state they would be "forced to make a difficult decision of whether to submit to personal jurisdiction there and could fact claim issues there" despite an asserted lack of formal notice of those proceedings.[10] The BAP denied rehearing.

Again, the parties both appealed, this time to the Tenth Circuit Court of Appeals on November 13, 2006. In December 2006, during the pendency of the appeals to the Circuit the four-year statute of limitations for the current fraudulent transfer claims expired.

The parties each filed a motion to dismiss the other's appeal to the Tenth Circuit for lack of jurisdiction. The Tenth Circuit granted the Motions to a certain extent. It found that WULA's appeal was not of a final collateral order entitled to immediate review, and dismissed its appeal.[11]

As to Plaintiff's appeal, the Tenth Circuit noted that § 1334(d)[12] "normally divests" the circuit courts of jurisdiction over appeals of permissive abstention under § 1334(c)(1). However, because it was the BAP that made the decision to apply §1332(c)(1) permissive

---

[9] 533 F.3d at 1213 (explaining the BAP's decision).

[10] WULA's Ex. E (Mot. for Limited Rehearing) at 7-8.

[11] 553 F.3d at 1216.

[12] 28 U.S.C. § 1334(d) (providing that "[a]ny decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by the courts of appeals . . . ).

4

abstention, the Tenth Circuit found that it had "jurisdiction to consider the [Plaintiffs'] argument that the BAP lacked the authority to apply § 1334(c)(1) in the first instance."[13] It went on to find:

> Nevertheless, we further conclude that the BAP acted within its authority in applying § 1334(c)(1).  Under 28 U.S.C. § 158(d), "[a] bankruptcy appellate panel has jurisdiction to decide legal matters not resolved by the trial court upon the record presented to it."  Here, the BAP's application of § 1334(c)(1) involved such legal matters.
>
> Because the BAP acted within its authority, our review of its decision may proceed no further.  In light of § 1334(d), we lack jurisdiction to review the merits of the § 1334(c)(1) abstention issue.[14]

On August 7, 2008, the Tenth Circuit issued its mandate in the *Tri-Valley* appeal. This case was filed on July 1, 2009.

WULA asserts that WULA's receivership proceedings have ended and the company has been sold.[15]  However, the record does not reflect the dates of those events.

While the appeals outlined above have been pursued by all of the parties to this action, proceedings have also continued in the bankruptcy court regarding claims related to the Tri-Valley consolidated bankruptcy cases.  The original 2004 adversary proceeding involving the Rock Springs-property-related claims was still pending in the bankruptcy court when this motion was briefed.  There is also pending another adversary proceeding involving personal property as well as various proceedings regarding escrowed funds.  The

---

[13] 553 F.3d at 1216.

[14] *Id.* (quoting 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4106, at 558 (2d ed 1996)).

[15] WULA's Mem. at 14.

extent of litigation arising from the Tri-Valley consolidated bankruptcy cases can be explained by the fact that the disputed properties have all, by stipulation amongst the competing claimants, been liquidated and the millions of dollars in proceeds are currently held in escrow awaiting resolution of the various claims.

WULA first argues that the statute of limitations has expired and that Utah's savings statute does not apply. Plaintiffs agree that absent the savings statute the statute of limitations would have expired, but argue that it does apply.

Utah's savings statute provides:

> If any action is timely filed and the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after the reversal or failure.[16]

The parties first dispute the date when the "failure" occurred. Plaintiffs contend that it is the date when the Tenth Circuit issued its mandate—August 7, 2008. Defendant contends that because § 1334(d) bars review of a decision to abstain under § 1334(c)(1) by the circuit courts, the date of the failure must be the date of the entry of the decision on appeal from the BAP—September 2006.

The Court finds that the appropriate date is the date that the Tenth Circuit issued its mandate. The Court need not determine whether §1334(d), bars application of the Utah savings statute to a period in which a jurisdiction-less appeal to a circuit court is pending because as explained above, the Tenth Circuit expressly held it had "jurisdiction to

---

[16]Utah Code Ann. § 78B-2-111(1). The statute was formerly codified at Utah Code Ann. § 78-12-40 (2006).

consider the [Plaintiffs'] argument that the BAP lacked the authority to apply § 1334(c)(1) in the first instance."[17] Under these circumstances, where there was appellate court jurisdiction to consider an actual argument raised by Plaintiffs on appeal, this Court finds that the date of the failure of the action was date of the issuance of the mandate. Accordingly, the appeal is timely filed.

WULA next argues that the savings statute is not applicable where the Plaintiffs had another "readily available remedy," meaning the Washington receivership. WULA argues that there could be no "failure" within the meaning of the savings statute where the Plaintiffs could have brought their claims in the available forum of the Washington state receivership. WULA also argues that the savings statute is not intended to relieve litigants of their tactical decision to pursue a further appeal when they knew the limitations period was running. Plaintiffs argue that the Washington state receivership proceedings had no jurisdiction over them and that they had no connection to Washington state. Plaintiffs also argue that they had not researched the savings clause when they filed their motion for rehearing before the BAP, but had by the time they filed their appeal to the Tenth Circuit.

WULA cites no case law in support of its position that the Utah savings statute does not apply where the litigant has another readily available remedy or where the decision to file an appeal rather than select another remedy is a "tactical decision."

Utah courts have construed the statue according to its plain language:

[T]he savings statute could preserve [the plaintiffs'] claims by giving them an additional year to recommence the action, so long as three requirements

---

[17]553 F.3d at 1216.

7

were satisfied: (1) the original complaint must have been filed within the statute of limitations; (2) it must have failed on nonsubstantive grounds; and (3) the applicable statute of limitations must have expired."[18]

In this diversity case, the Court applies Utah law regarding the statute of limitations. Plaintiffs have shown all three requirements for application of the statute are satisfied. The Court will not impose further requirements not found in either the statute or the case law construing the statute.[19] Further, the Court notes that any decision by a litigant to file an appeal while the statute of limitations is otherwise running would always be a tactical decision betting that the savings statute will apply.

WULA next argues that this case should be dismissed on the basis of laches. It argues that it is prejudiced by the passage of time because the loans that form the basis of the claims were made in 2002. It argues that key witnesses have left its employ and "memories have faded and documents have become more difficult to find and locate."[20] It also argues that it has been prejudiced because the appeals process has resulted in its spending more in litigation expenses than if these claims had been brought in the Washington state proceedings.

Plaintiffs argue that they have not been dilatory, outline their many efforts to resolve the claims, and argue that any prejudice and/or delay is the result of WULA's own

---

[18] *Ewing v. State, Dept. of Transp.*, 235 P.3d 776, 778-779 (Utah Ct. App. 2010).

[19] *See McBride-Williams v. Huard*, 94 P.3d 175, 177 (Utah 2004) (declining "to judicially amend the savings statute to include a test of the worthiness of savings statute candidates" where plaintiffs had filed an appeal despite their "apparent wholesale disregard of the prelitigation procedures mandated by the Malpractice Act").

[20] WULA's Mem. at 15.

decisions to file the appeals and to otherwise oppose Plaintiffs' various procedural efforts to obtain the escrowed funds.

The Utah Supreme Court explained the doctrine of laches in the case *Papanikolas Bros. Enterprises v. Sugarhouse Shopping Center Associates*:[21]

> Laches is not mere delay, but delay that works a disadvantage to another. To constitute laches, two elements must be established: (1) The lack of diligence on the part of plaintiff; (2) An injury to defendant owing to such lack of diligence. Although lapse of time is an essential part of laches, the length of time must depend on the circumstances of each case, for the propriety of refusing a claim is equally predicated upon the gravity of the prejudice suffered by defendant and the length of plaintiff's delay.[22]

The Court finds no lack of diligence by Plaintiffs. Plaintiffs have doggedly pursued their fraudulent transfer claims since their first timely filing. The transactions at issue occurred in 2002. Plaintiffs first brought the fraudulent transfer claims in 2004. Since then, the only break in their litigation pursuing the claims has been between the date of the filing of the Tenth Circuit's mandate and the filing of the present case—slightly less than a year. The length of the appeal process is not fairly attributable to Plaintiffs, especially where WULA filed both appeals. Further, Plaintiffs have pursued their claims to the escrowed funds through other proceedings in the Tri-Valley consolidated bankruptcy cases. During this entire time, WULA was fully aware of the nature of Plaintiffs' claims.

---

[21] 535 P.2d 1256 (Utah 1975).

[22] *Id*. at 1260 (footnotes and citations omitted).

The Court also finds that WULA has not shown prejudice. As in the case *Borland By and Through Utah State Dept. of Social Services v. Chandler*,[23] "[a]rgument alone is insufficient to persuade us that [the plaintiff] was prejudiced, and [it has] made no factual showing to support the argument. [The plaintiff] did not establish that he attempted and was unable to contact witnesses."[24] Here, as in *Borland,* WULA argues for prejudice through potential loss of witnesses and evidence but has made no actual factual showing of any prejudice. It has not shown when the key employees left its employ or that they are actually no longer available as witnesses. As noted, WULA has been fully aware of the Plaintiffs' fraudulent conveyance claims since their filing in 2004. It was able throughout that time to obtain and preserve any evidence it deemed necessary regarding its position. This is especially true where related proceedings on related claims are on-going in the bankruptcy court.

Because WULA has not shown either element of laches, the Court finds the doctrine inapplicable. Based on the foregoing, it is

ORDERED that WULA's Motion to Dismiss Complaint (Docket No. 9) is DENIED. It is further

---

[23] 733 P.2d 144 (Utah 1987).

[24] *Id*. at 147

ORDERED that pursuant to its standard policy upon resolution of dispositive motions, the Court will refer this matter to a settlement conference by separate order.

DATED  January 19, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge